## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **1:20-cr-00289-RP-16** |
| | § | |
| **DOMINIC FRANSHAW (16)** | § | |
| *Defendant* | § | |

### Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on May 25, 2022, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, dated April 8, 2022 (the "Petition") (Dkt. 429). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On November 17, 2020, a grand jury in the United States District Court for the Western District of Texas, Austin Division, indicted Defendant Dominic Franshaw on one count of conspiracy to possess with intent to distribute methamphetamine, LSD, cocaine, Adderall, MDMA, fentanyl, psilocybin mushrooms, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 3. Defendant was arrested in Charleston, South Carolina, on March 2, 2021. Dkt. 253. The United States District Court for the District of South Carolina Defendant ordered Defendant released on conditions and a $25,000 unsecured bond on March 4, 2021. Dkt. 250. Docket call is set for July 15, 2022, and trial is set for July 25, 2022. Dkt. 473.

The Petition alleges that Defendant was arrested by the Charleston County, South Carolina Sheriff's Office on April 20, 2021, and charged with Driving Under the Influence 1st–No Breath Alcohol Test, Possession of Marijuana, and Open Container of Beer or Wine in a Motor Vehicle. The incident report states that an open can and cup of beer were found in Defendant's car when

he was arrested, along with 2.5 grams of marijuana, and that Defendant failed standardized field sobriety tests. Defendant was released on his own recognizance.

The Petition further alleges that Defendant submitted three urine specimens that returned confirmed positive results in two months, as follows:

1. February 16, 2022: cocaine and marijuana. Defendant admitted using a CBD product (gummy) but denied use of cocaine. Defendant was admonished by his supervising officer to refrain from using any CBD product.

2. March 29, 2022: marijuana.

3. April 6, 2022: marijuana. Defendant admitted to consuming a tea that may have contained CBD.

Finally, the Petition alleges that Defendant failed to appear for outpatient substance abuse treatment sessions on December 2, 2021; December 9, 2021; and February 24, 2022. Defendant was arrested for the alleged violations on April 15, 2022. The Petition alleges that Defendant's actions violate the following conditions of his release:

(1)     The defendant must not violate federal, state, or local law while on release.

(7)(l)   The defendant must not use alcohol excessively.

(7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(s)   The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the Pretrial Services Office or supervising officer.

The Court has considered the Pretrial Services Report, the Petition, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing. During the hearing, Defendant admitted all of the allegations in the Petition. Based on the uncontroverted record evidence and Defendant's admissions, pursuant to 18 U.S.C. § 3148(b)(1), the Court finds that there is both (A) probable cause to believe that Defendant committed a Federal, State, or local crime while on release, and (B) clear and convincing evidence that Defendant has violated conditions of his release (7)(l), (7)(m) and (7)(s).

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release, and that he is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148. Specifically, it is **HEREBY ORDERED** that Defendant shall be **RELEASED** to a program of inpatient substance abuse therapy and counseling at La Hacienda Treatment Center and into the custody of his father, Phillip Franshaw. Defendant must abide by all conditions in the forthcoming Amended Order Setting Conditions of Release and follow all instructions from Pretrial Services.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 429) is **DENIED**.

**SIGNED** May 25, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE